6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ceasar BRAGA, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3177.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1993.
 
 Before, PLAGER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 Petitioner Ceasar Braga appeals from the final remand decision of the Merit Systems Protection Board (MSPB or board), Docket No. BN0432910298B1, dated November 17, 1992, which affirmed the action of the Department of the Army (army) in removing him from his position of a GS-11 Clothing Designer at the army's Research Development and Engineering Center in Natick, Massachusetts, for unacceptable performance of the duties of his office. We affirm.
 
 OPINION
 
 2
 The petitioner was employed by the army as a clothing designer. His duties were to design body armor systems called BASIC which was protective clothing for soldiers involved in neutralizing anti-personnel mines. This clothing included anti-fragmentation chaps, ballistic eye protection and blast overboots to be used with protective vests and helmets. Petitioner was notified that his performance was unacceptable for various reasons stated in the notice. He was placed upon a six-months' performance improvement plan, and he was given 22 specific tasks with specific due dates that he was to accomplish during this period. He only completed two of them and they were late. He was removed from his position for unacceptable performance. He appealed to the board, and at a hearing before an administrative judge (AJ) he complained that the army had removed him because of his whistleblowing activities concerning the inadequacy of the BASIC project and because of age discrimination. The AJ issued an initial decision affirming his removal. The AJ found that petitioner had failed to prove his alleged whistleblowing activity was a contributing factor in his removal, and also, that even if such activity was a factor, the evidence showed that he would have been removed anyway. The AJ denied petitioner's claim of age discrimination.
 
 
 3
 The full board did not reverse or set aside the initial decision of the AJ, but noted his failure to make findings as to whether petitioner had met his initial burden of showing by a preponderance of the evidence that his whistleblowing disclosures were within the scope of 5 U.S.C. Sec. 2302(b)(8). Also, it pointed out that there were no findings by the AJ as to whether petitioner reasonably believed in the truth of his disclosures. The board then remanded the case to the AJ for another opinion covering these deficiencies. On remand, the AJ fully analyzed petitioner's reprisal claim and made findings that he had made whistleblowing disclosures to the Office of Special Counsel and to high army officers, including General Colin Powell. These disclosures were that the clothing involved in the BASIC project was going to be used by the army in high intensity combat activities instead of low level mine explosions, and that the clothing would not protect soldiers involved in such activities. The AJ found further that the truth of these alleged disclosures was not supported by the evidence. The AJ also found that petitioner had attended various meetings where it had been made clear that the clothing would be used only for low level dangers, and that petitioner had been advised by army officials several times that no other use would be made of the clothing. Based on this evidence, the AJ found and concluded that petitioner had failed to establish a prima facie case of reprisal for whistleblowing, because he had failed to show that he reasonably believed that his disclosures evidenced a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety as specified in 5 U.S.C. Sec. 2302(b)(8); 5 C.F.R. Sec. 1209.4(b).
 
 
 4
 The AJ's remand decision was devoted exclusively to petitioner's reprisal claim. However, the army's claim that petitioner's performance was unacceptable was fully discussed, and supporting evidence was analyzed in 18 pages of the AJ's initial decision. The evidence shows that petitioner failed to demonstrate acceptable performance under critical element "Organizational Mission Accomplishment". The performance appraisal plan of the agency had been approved by the Office of Personnel Management. On December 18, 1990, petitioner's supervisor gave petitioner until May 31, 1991, to show improvement in his performance. At that time he was given 22 major work assignments to be accomplished between December 31, 1990, and May 31, 1990. The petitioner only completed two of them, and they were late. Based on this failure and petitioner's previous unacceptable performance, the agency removed petitioner from his job. The evidence showed that petitioner would have been removed anyway regardless of his whistleblowing disclosures. At the time that petitioner's supervisor determined that petitioner's performance was unacceptable he did not know that petitioner had made whistleblowing disclosures. The AJ again affirmed the removal decision of the agency in her remand decision. The petitioner did not seek reconsideration of this decision, and it became the final decision of the board.
 
 
 5
 We hold that the decision of the board is supported by substantial evidence, is not arbitrary, capricious, an abuse of discretion, or contrary to any law, rule or regulation, and it is affirmed.